IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
At Albuquerque NM
DEC 19 2018

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 18-4149mv |
| | ) |
| HYRON GORMAN, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, HYRON GORMAN, and the Defendant's counsel, Jim Loonam:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

      a.      to be prosecuted by indictment;

      b.      to plead not guilty, or having already so pleaded, to persist in that plea;

      c.      to have a trial by jury; and

      d.      at a trial:

            i.      to confront and cross-examine adverse witnesses,

ii.  to be protected from compelled self-incrimination,

iii.  to testify and present evidence on the Defendant's own behalf, and

iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The Defendant agrees to waive these rights and to plead guilty to the indictment information charging a violation of 18 U.S.C. §§ 1112 and 1153, that being Voluntary Manslaughter in Indian Country.

## SENTENCING

4.  The Defendant understands that the maximum penalty provided by law for this offense is:

a.  imprisonment for a period of not more than fifteen years;

b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.  a term of supervised release of not more than three years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.  a mandatory special penalty assessment of $100.00; and

e.  restitution as may be ordered by the Court.

5.  The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

6.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

   Count 1: 18 U.S.C. §§ 1112 and 1153 that being, Voluntary Manslaughter in Indian Country Crime.

   *First*:   The defendant caused the death of John Doe;

   *Second*: The defendant acted unlawfully;

   *Third*:  While in sudden quarrel, and therefore without malice, the defendant:
      (a) Intentionally killed John Doe; or
      (b) Intended to cause John Doe serious bodily injury; or
      (c) Acted recklessly with extreme disregard for human life;

   *Fourth*: The incident occurred in Indian Country;

   *Fifth*: The defendant is an Indian.

## DEFENDANT'S ADMISSION OF FACTS

7.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

   **I, Hyron Gorman, an enrolled member of the Navajo Nation, and therefore an Indian under federal law, did on November 2, 2016, engaged in a sudden quarrel, without malice, with**

3

<u>John Doe, resulting in a physical altercation. This altercation occured within the external</u>
<u>boundaries of the Navajo Nation, Indian Country.   During this physical altercation, I</u>
<u>unlawfully and without just cause, stomped on John Doe's head and body while he was on</u>
<u>the ground, recklessly disregarding his life. Due to my actions, Doe suffered blunt force</u>
<u>trauma and died.   Had it not been for my actions, Doe would not have died.</u>

8.      By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense

level.

## RECOMMENDATIONS

9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as

follows:

  a.      As of the date of this agreement, the Defendant has clearly demonstrated a

          recognition and affirmative acceptance of personal responsibility for the

          Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a),

          so long as the Defendant continues to accept responsibility for the

          Defendant's criminal conduct, the Defendant is entitled to a reduction of two

          levels from the base offense level as calculated under the sentencing

          guidelines, and if applicable, a reduction of an additional offense level

          pursuant to USSG § 3E1.1(b).   Further, the United States is free to withdraw

          this recommendation if the Defendant engages in any conduct that is

          inconsistent with acceptance of responsibility between the date of this

agreement and the sentencing hearing.   Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to

5

information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

### DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

15.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

16.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

20.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

### SPECIAL ASSESSMENT

21.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100   in payment of the special penalty assessment described above.

### ENTIRETY OF AGREEMENT

22.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 19 day of _December_, 2018.

JOHN C. ANDERSON
United States Attorney

ELISA C. DIMAS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JIM LOONAM
Attorney for the Defendant


This agreement has been read to me in a language I understand.   I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

HYRON GORMAN
Defendant

9