IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 18-04149-MV |
| | ) | |
| vs. | ) | |
| | ) | |
| HYRON GORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, through its undersigned counsel, hereby files this sentencing memorandum. Pursuant to the plea agreement, the United States requests the Defendant be sentenced to the high end of the guideline range.  In support, it states as follows:

**I.     PROCEDURAL BACKGROUND**

On December 19, 2018, an information was filed charging the Defendant with Voluntary Manslaughter. Doc. 1. On that same day, the Defendant pled guilty to the information pursuant to an 11(c)(1)(B) agreement. Doc. 4.

On April 19, 2019, the United States Probation Office disclosed the Defendant's presentence report (hereinafter "PSR"). Doc. 7. The PSR calculated the Defendant's adjusted offense level as 31. PSR ¶ 62. After accounting for Acceptance of Responsibility, the Defendant's total offense level was calculated at 28. PSR ¶ 66. The Defendant has one criminal history point, which resulted in a criminal history category of I. PSR ¶ 71. The guideline imprisonment range is determined to be 78 to 97 months. *First Addendum to Presentence Report,* Doc. 11.

## II. FACTS

On November 2, 2016, Hyron Gorman and his group of friends and family members got together to socialize and drink alcohol. As the night went on, the group became more and more intoxicated except for Coleen Bahe. At some point in the evening, the group ended up at a bus stop. Bahe drove away to a gas station and then returned to the bus stop. When she arrived at the bus stop, she saw John Doe walk up to Gorman. Gorman punched John Doe in the face and then continued to hit and kick John Doe in the face. One of the other individuals at the scene, Harold Dawes, started yelling at Gorman to stop. Gorman then went after Dawes and then returned to kicking John Doe. John Doe was unconscious and laying on the ground. Gorman continued to punch and stomp on John Doe's face. Gorman suddenly stopped assaulting John Doe when he realized John Doe was not breathing. Gorman then went back to fighting Dawes. Gorman then left the scene. The other members who were part of the group, including Harold Dawes, Tommy Harvey, and Ottis Gorman indicated that John Doe was aggressive and trying to fight everyone that night. They indicated they were too intoxicated to remember exactly what happened that night or why Gorman assaulted John Doe.

Crownpoint police officers arrived at the scene and found John Doe unresponsive and cold to the touch. He was later pronounced dead. The OMI report indicated the cause of death for John Doe was blunt force trauma and the manner of death was homicide.

## III. ARGUMENT

   a. Application of Sentencing Guidelines and Factors Considered Pursuant to 18 U.S.C. § 3553(a)

The United States respectfully requests the Court sentence the Defendant to the top end of the guideline range of 78 to 97 months. This sentence is sufficient but not greater than necessary. After taking into consideration the factors set forth in 18 U.S.C. § 3553, this Court

may conclude that a sentence at the high end of the guidelines range of 78 to 97 month range is warranted.  The U.S. Sentencing Guidelines are advisory.  *See United States v. Booker*, 543 U.S. 220, 234 (2005).  Moreover, under the Supreme Court ruling in *Rita v. United States*, 551 U.S. 338 (2007), for appellate purposes, a reviewing court may accord a properly calculated sentence to have a presumption of reasonableness, *e.g., Id.* at 347.  A district court, on the other hand, cannot presume reasonableness, but in determining a sentence, it must conduct an analysis using both the Guidelines and the sentencing statutes.  Both, the sentencing judge and the (Sentencing) Commission "are carrying out the same basic § 3553(a) objectives, the one, at retail, and the other at wholesale."  *Id.* at 345.  The Guidelines can be assumed to be a "rough approximation" of a sentence that would "achieve § 3553(a)'s objectives."  *Id.* at 347-349.  Hence, the district court should impose sentences within the calculated guidelines range when a departure is not appropriate because Guidelines sentences prevent unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the Guidelines are sound and reasoned.  The factors listed in 18 U.S.C. § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1) and (2)(A)-(D).

      i. Nature and Circumstances of the Offense

What started as a group of friends and family members socializing turned into multiple physical altercations and ended with the violent death of John Doe. The Defendant became extremely intoxicated along with the other men that evening. He punched and kicked John Doe,

who was also extremely intoxicated, to death. Other individuals tried to stop the assault but the defendant either ignored their attempts or fought them. Coleen Bahe tried to intervene but left the area when the Defendant aggressively approached her. Harold Dawes tried to stop the Defendant from assaulting John Doe but was met with violence. The Defendant kicked Dawes in the back, face and stomach. According to Coleen Bahe, Gorman stomped on Dawes head four or five times.

The victim was a friend and family member to the Defendant. People familiar with the incident and the Defendant indicated they do not know why the Defendant acted the way he did or why he so violently killed John Doe.

      ii. History and Characteristics of the Defendant

The Defendant has limited criminal history resulting in a criminal history score of I. The Defendant clearly has an alcohol abuse problem. His inability to control his alcohol consumption resulted in his extreme intoxication on the date of the incident. He does not believe his alcohol consumption is a problem despite its involvement in the incident at issue.

      iii. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

A sentence at the high end of the guidelines is appropriate in this case. It considers the criminality of his conduct, promotes respect for the law, deters the Defendant from committing further crimes and protects the public from further crimes by the Defendant.

      iv. The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes

Given the nature and circumstances of the offense and history and characteristics of the Defendant, a sentence at the high end of the guideline range is an appropriate sentence in this

case. This sentence is a reasonable punishment and prevents unwarranted sentencing disparities between similarly situated defendants.

## IV.    CONCLUSION

The United States requests a sentence at the top end of the guideline range of 78 to 97 months. This sentence is "sufficient, but not greater than necessary to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

WHEREFORE, the United States respectfully requests that this Court sentence the Defendant at the high end of the guidelines range of 78 to 97 months.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 10/8/19*
ELISA C. DIMAS
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 8th of
October, 2019, I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*_____
Elisa C. Dimas
Assistant U.S. Attorney